UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LELAND FOSTER, | ) |
| Plaintiff, | ) Case No. 1:23-cv-517 <br> ) |
| v. | ) Judge |
| W2005/FARGO HOTELS (POOL C) REALTY, L.P., a Delaware limited partnership, | ) <br> ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. Counsel for Plaintiff, who hereby files this Complaint against the named Defendant W2005/FARGO HOTELS (POOL C) REALTY, L.P., a Delaware limited partnership, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, **LELAND FOSTER** ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **W2005/FARGO HOTELS (POOL C) REALTY, L.P.** owns the property located at 5702 Challenger Pkwy, Fort Wayne, IN 46818 in Allen County, which is a hotel known as the Hampton Inn & Suites Fort Wayne-North. Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Upon information and belief, the hotel owned and operated by the Defendant was originally built by the Defendant or its predecessor commencing in 1996 and granted permits for occupancy in 1997 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Furthermore, the hotel owned and operated by the Defendants underwent extensive renovation and alteration by the Defendant in 2019. Full compliance with the implementing regulations of the ADA

is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. Plaintiff has patronized Defendant's hotel and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

8. Upon information and belief, the hotel owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, the Defendant is responsible for complying with the obligations of the ADA.  Defendant's hotel is a place of public accommodation.  Defendant's property and business fail to comply with the ADA and its regulations, as also described further herein.

9. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also, as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Foster has close friends with a residence within 10 miles of the Defendant's property whom he visits a number of times annually but otherwise also comes to the area to frequents the state park, restaurants, shopping centers, businesses and establishments of Northern Indiana and surrounding area, including the Defendant's hotel that forms the subject of this complaint.  In addition, Mr. Foster is an avid adaptive sports enthusiast and participant who also has many friends who compete in adaptive sports all over the

Midwest region, including multiple friends in a sled hockey league that annually compete in Fort Wayne. Among many recent visits to the area, Mr. Foster has recently purchased specialized adaptive cycling equipment in Ft Wayne from a custom local specialty retailer, been a spectator at a two day sled hockey tournament in Ft Wayne and was himself a participant at this same tournament in past years.

11. On February 18-19, 2023 as well as on another previous occasions, Plaintiff was an overnight guest at the Defendant's hotel, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the hotel owned or operated by the Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Parking, Passenger loading and Accessible Routes:**

A. The passenger loading zone does not provide a vehicle pull-up space with marked access aisle, in violation of the ADA section 503.2 and 503.3 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

B. There is no accessible route from the covered passenger loading zone to the hotel's front entrance due to a 3 inch curb, whose remedy is strictly required or at minimum is readily achievable.

C. Designated accessible parking spaces have not been maintained as evidenced by cracked surfaces, fading paint, and potholes, in violation of the ADA and 28 CFR § 36.211, who remedy is strictly required or, at minimum, readily achievable.

D. Parking surfaces contain cracks, changes in level, and potholes in violation of the ADA and section 502.4 of the 2010 Standards and 4.6.3 of the 1991 Standards, whose remedy is strictly required or at minimum is readily achievable.

E. Designated accessible parking signage is not mounted to 60" above the ground surface to the bottom of the sign height requirement, in violation of the ADA section 502.6 of the

      2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required, or at minimum, readily achievable.

F. Accessible parking spaces do not connect to an accessible route. The accessible route from the designated accessible parking to the entrance has cracks and changes in level in excess of 1/4 inch, and excess slope and cross slope, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is strictly required or, at minimum, readily achievable.

G. Sixty percent of the hotel building's entrances are not accessible, in violation of the ADA and section 206.4.1 of the 2010 Standards and 1991 ADAAG section 4.1.3, whose remedy is strictly required or, at minimum, readily achievable.

**Lobby Restrooms**

H. The men's restroom doors require greater than 5 lbs of force to operate, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

I. At the Men's restroom entry, the sign providing information is not located alongside the door on the latch side, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required, or at minimum, readily achievable.

J. The door to exit the men's restroom lacks required maneuvering clearance at the latch side due to trash can, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and Section 4.13.6 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

K. In the men's room toilet compartment, door pulls are missing on the inside, in violation of the ADA section 404.2.7 of the 2010 Standards and 1991 ADAAG section: 4.13.9, whose remedy is strictly required or, at minimum, readily achievable.

L. In the men's room accessible toilet compartment, the door is not self-closing, in violation of the ADA section 604.8.1.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

M. The lavatory lacks required knee clearance, in violation of the ADA and Section 306.3.1 and 306.3.3 of the 2010 Standards and Section 4.19.2 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

N. The rear grab bar of the toilet in the accessible toilet compartment does not extend at least 24 inches from the centerline of the water closet toward the open side, in violation of the ADA and Section 604.5.2 of the 2010 Standards and Section 4.16.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

O. Upon information and belief, there are similar barriers to accessibility in the women's restroom, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the women's restroom is required.

**Designated Mobility-Accessible Guestroom #128**

P. Grab bars inside the bathtub are not compliant, in violation of the ADA and Section 607.4.1 of the 2010 Standards and Section 4.20.3 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Q. Bathtub controls are not located between the open side of the bathtub and the centerline of the tub, in violation of the ADA and Section 607.5 of the 2010 Standards and 4.20.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily

achievable.

R. The water closet rear grab bar is not 36 inches long minimum does not extend at least 24 inches from the centerline of the water closet toward the open side, in violation of the ADA and Section 604.5.2 of the 2010 Standards and Section 4.16.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

S. Lavatory pipes in the bathroom are not insulated to protect against scalding or contact in violation of the ADA and Section 606.5 of the 2010 Standards and Section 4.24.6 of the 1991 Standards whose remedy is strictly required or, at minimum, readily achievable.

T. Inside the guestroom bathroom the robe hook is mounted in excess of allowable reach range, in violation of the ADA and Section 308.2 of the 2010 Standards and Section 4.2.5 of the 1991 Standards whose remedy is strictly required or, at minimum, readily achievable.

U. Inside the guestroom, thermostat temperature controls and coat hooks are located in excess of allowable reach range, in violation of the ADA and Section 308.2 of the 2010 Standards and Section 4.2.5 of the 1991 Standards whose remedy is strictly required or, at minimum, readily achievable.

V. Door locking hardware is located in excess of allowable reach range, in violation of the ADA and Section 308.2 of the 2010 Standards and Section 4.2.5 of the 1991 Standards whose remedy is strictly required or, at minimum, readily achievable.

**Designated Accessible Guestroom fitted with a Roll-In Shower**

W. The roll-in shower opening minimum width does not meet the required size dimensions, in violation of the ADA whose remedy is readily achievable.

X. The roll-in shower contains missing and/or non-compliant grab bars, in violation of the

ADA whose remedy is readily achievable.

Y.  The handheld shower sprayer is mounted in excess of the permitted reach range and is not equipped with non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

**Accessible Guestrooms Generally**

Z.  Upon information and belief the Hampton Inn has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 90 guestrooms such as this Hampton, there must be a minimum of 4 mobility accessible guestrooms without a roll-in shower and a minimum of 1 of mobility accessible guestrooms with a roll-in shower, totaling 5 designated mobility accessible guestrooms, in violation of sections 224.2 of the 2010 ADA Standards and 1991 ADAAG section 9.1.2, whose remedy is strictly required or at minimum is readily achievable.

AA.  Upon information and belief, Leland Foster believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just rooms #128). Including the other bathtub or transfer shower fitted mobility accessible guestrooms and roll-shower fitted mobility accessible guestrooms.

**Policies and Procedures**

BB.  The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy whose remedy is strictly required or at minimum is readily achievable.

    CC.       The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

16. The discriminatory violations described in Paragraph 15 by the Defendant is not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and/or operated by the Defendant, W2005/FARGO HOTELS (POOL C) REALTY, L.P. constitutes a public accommodation and service establishments, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the store accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187 and §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff request reasonable attorney's fees and costs of maintaining this action.

<u>**COUNT II**</u>
<u>**VIOLATION OF INDIANA CIVIL RIGHTS LAW**</u>
**In. Code §22-9-1 et seq.**

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendant, W2005/FARGO HOTELS (POOL C) REALTY, L.P. operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

24. Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. To wit, this hotel has parking facilities, a passenger loading zone and exterior routes that present an extremely dangerous and difficult path for Mr. Foster, or any patron of this hotel who uses a wheelchair for mobility, to park at, traverse, utilize and enter the hotel. Furthermore, there are elements inside the hotel that are also violations of the implementing regulations of the ADA, International Code Council A117.1-2017 Accessible and Usable Buildings and Facilities (ICC A117.1-2017) and Indiana building codes.

25. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as

issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

<u>Counsel for Plaintiff</u>:

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743) *
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to the bar for Northern District of Indiana